NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 17, 2008[*]
Decided July 18, 2008

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-1560

|  |  |
|---|---|
| JUDY MAY GRAMMER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of |
|  | Indiana, Indianapolis Division. |
| *v.* |  |
|  | No. 1:06-cv-1856-LJM-WTL |
| AETNA LIFE INSURANCE CO.,[**] |  |
| *Defendant-Appellee.* | Larry J. McKinney, |
|  | *Judge.* |

**O R D E R**

---

[*] After examining the briefs and the record we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

[**] Grammer sued the wrong entity, Aetna U.S. Healthcare, Inc. That entity has never answered the complaint or appeared in this case in any way. Rather, Aetna Life Insurance Company answered the complaint and has asserted that it is the proper defendant. *See* FED R. APP. P. 43(b).

Judy Grammer is a former employee of The Boeing Company who became disabled by mental illness in January 1997. She was a participant in Boeing's long-term disability benefits plan and life insurance plan (both insured and administered by Aetna), and she began to receive disability benefits in 1998. In August 2000, however, Aetna notified Grammer that its records showed that she had not received treatment for her condition over the preceding seven months. It requested that she submit any evidence of treatment. Grammer did not respond in time, and in October 2000 Aetna terminated her benefits after determining that she was no longer disabled. Grammar appealed the decision, this time submitting some documents that Aetna found unpersuasive, but in April 2001 Aetna denied the appeal. Aetna also terminated her life insurance benefits at the same time as her disability benefits, as was dictated by the life insurance plan.

Grammer waited until December 2006 to sue Aetna. She alleged that it wrongfully terminated her life insurance and disability benefits. The district court dismissed her claims after Aetna moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The court determined that her claim on her disability benefits was barred because she sued beyond the three-year limitations period in the plan. It determined that her claim on her life insurance benefits was equally without merit because they ceased pursuant to the terms of the life insurance plan itself. Grammer also alleged that in June 2000 Aetna wrongfully transferred her file between its offices, but the district court quickly identified that there is no claim under ERISA for an administrator's internal transfer of its files. Grammer appeals.

We review a dismissal under Rule 12(c) de novo, examining whether Grammer's factual allegations make relief plausible and not merely speculative. *See Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). Disability benefit and life insurance plans are generally covered by ERISA, *see Williams v. Aetna Life Ins. Co.*, 509 F.3d 317, 321 (7th Cir. 2007); *Int'l Union of United Auto., Aerospace, and Agric. Implement Workers of Am. v. Rockford Powertrain, Inc.*, 350 F.3d 698, 702 (7th Cir. 2003), and Grammer does not mount any challenge to the application of ERISA here except for one inadequate phrase, "I believe this case to be 'non ERISA.'" *See Anderson v. Hardiman*, 241 F.3d 544, 545 (7th Cir. 2001). Additionally Grammer did not challenge the application of ERISA in the district court. *See REI Transp., Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 697 n.2 (7th Cir. 2008).

Although Grammer's brief is very scant, she renews her contentions that Aetna wrongfully terminated her disability benefits. The district court was correct that her claim regarding her disability benefits is untimely. Employee welfare plans can impose a time limitation on suits so long as the time period is reasonable. *See Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 874-75 (7th Cir. 1997). In this case the plan imposed a

three-year limit on suits, beginning to run on the date by which an employee was required to submit proof of his or her loss, either in the first instance or as part of an ongoing claim. Three years' time is only slightly shorter than the 39-month period that we have already recognized as reasonable, *see id.* at 874-75, and in this case the clock did not begin to tick until after Grammer's opportunity to provide evidence of disability. Aetna requested proof of loss from Grammer in August 2000, the absolute limit for her reply under the plan was August 2001, and three years from then was August 2004. Aetna terminated her benefits in October 2000 and gave a final decision on her appeal in April 2001. By any measure, her 2006 suit is beyond the limits imposed by the policy. The district court therefore correctly dismissed this claim.

Equally unavailing is Grammer's renewed argument that Aetna wrongfully terminated her life insurance benefits. ERISA does not require employers to provide certain benefits but rather requires that employers fulfill the promises they make. *See Cent. Laborers' Pension Fund v. Heinz*, 541 U.S. 739, 743 (2004). One of ERISA's primary purposes is to ensure the integrity of written plans, and thus we must confine Grammer's benefits to the terms of the plan as written. *See Admin. Comm. of the Wal-Mart Stores, Inc. Assocs. Health and Welfare Plan v. Varco*, 338 F.3d 680, 691-92 (7th Cir. 2003); *Mid Atl. Med. Servs., LLC v. Sereboff*, 407 F.3d 212, 220 (4th Cir. 2005). Here, under the terms of the plan, Grammer's life insurance benefits were to terminate when her long-term disability benefits terminated, and that is exactly what happened. *Cf. Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 872-77 (7th Cir. 2001) (finding that plan administrator properly terminated life insurance benefits simultaneously with other benefits pursuant to terms of plan). Thus the district court was correct to dismiss this claim as well.

Finally, Grammer argues for the first time on appeal that Aetna acted in bad faith. It is difficult to determine from her brief if she means to allege tortious behavior distinct from her claims that Aetna was contractually bound to provide benefits to her. But if she does, that argument was never raised below and cannot be raised for the first time on appeal. *See REI Transport, Inc.*, 519 F.3d at 697 n.2.

AFFIRMED.